In re HACKETT'S ESTATE. HACKETT et al., Respondents, v. HACKETT, Appellant.

(145 N. W. 437.)

1.   **Wills—Contest—Testamentary Capacity—Sufficiency of Evidence.**
    Evidence in a will contest held insufficient to support a finding that, at the time of execution of a will, testatrix was of unsound mind.

2.   **Wills—Contest—Submission of Issues to Jury—Advisory Verdict.**
    A verdict in a will contest is merely advisory to the court.

3.   **Wills—Testamentary Capacity—Physical Weakness.**
    It does not necessarily follow that, because testatrix was physically weak and frail at time of execution of the will, she was of unsound mind and memory.

**4.   Evidence—Opinion Evidence—Testamentary Capacity—Weight.**
> Where the children of testatrix were about evenly divided in testifying, pro and con, as to her testamentary capacity, **held,** that non-expert opinions of this character have but little, if any weight, except in so far as they are based on the surrounding facts and circumstances warranting such opinions.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Clay County.   Hon. ROBERT B. TRIPP, Judge.

Application for the probate of the will of Jane Hackett. From a judgment for contestants, Elmer E. Hackett and others, and from an order denying a new trial, Eugene Hackett appeals.   Reversed and remanded.

*Payne & Olson,* and *W. O. Knight,* for Appelant.

The testimony is entirely uncontradicted, and shows a strong and rational mind.

All the testimony submitted by contestants is weak, for the reason that all the witnesses are directly interested in the result of the suit, except Carl Rasmussen, and he had been the hired man of one of the contestant's witnesses; and for the further reason that the testimony of these witnesses is contradicted from within their own testimony, and positively contradicted by the testimony of disinterested witnesses, and by the testimony of witnesses interested against their own testimony.

As appears from the record, all the contestant's witnesses, except two, are sons and daughters, or in case of Mrs. Albert Hackett, a daughter-in-law of the decedent, and directly interested in the result of the suit.

There is almost a total lack of any competent or worthy evidence of incapacity of the testatrix, Jane Hackett, to make the will in question, in that the evidence of mental incapacity of the testatrix consists substantially of this only:   That the testatrix had a palsy or paralysis of the arm and a shuffle in her walk, was weak, and, in substance, would frequently start a conversation on one subject, then change to another subject, then go back to the first, or repeated; and on this were predicated the opinions of contestant's witnesses as to the mental capacity of the testatrix.   All this testimony furnishes no evidence of want of testamentary capacity, and the opinions based thereon are equally valueless.

In all the matters related by plaintiff's witnesses, as set forth above, there is not a syllable of testimony that is inconsistent with sanity.    Blackman v. Andrews, 150 Mich. 322, 114 N. W. 219; Leffingwell v. Bettinghouse et al., 151.

If this will is to be set aside on the evidence produced in this case, the decision of the court is founded only on an inference of weakness of mind because of evidence of some bodily weakness. Non-experts should not be permitted to give their opinions unless they first state some facts which would tend to show want of testamentary capacity.    Burney v. Torrey 100 Ala. 157, 46 Am. St. Rps. 33; Prentis v. Bates, 88 Mich. 557, 17 L. R. A. 494; Cyc. Vol. 40, P. 1038; Gardner, Wills, Sec. 50; Underhill, Wills, Sec. 102; O'Connor v. Madison, 98 Mich. 185, 57 N. W. 105.

Inability to transact ordinary business is not evidence of want of testamentary capacity, and the cases cited in the preceding assignment of error are in point here.

## IN REPLY.

It is a salutary rule that requires a lay witness to support his opinion by relating some acts or appearance of the testatrix indicative of incompetency before giving his conclusion that she is unsound in mind, and that measures the weight of the opinion by the facts related.    Graham v. Deuterman (Ill.) 75 N. E. 480; Graham v. Deuterman, 244 Ill. 124, 91 N. E. 61; Wiseman v. Gouldsberry (Ind. App.) 91 N. E., 616; Grill v. O'Dell, (Md.) 77 Atl. 984; McConnell v. Woodworth (Mich), 127 N. W. 808; Carlisle v. Atchley (Ala.) 51 So. 798; State v. Leehman, 2 S. D. 171, 49 N. W. 3; Sage v. State, 91 Ind. 141; Graham v. Deuterman et al., 91 N. E. 61.

In this case the right hand and arm and right leg of Jane Hackett were shaking and palsied, but there was no testimony of any value that this physical infirmity affected her mind.    Courts have often declared the futility of inferences of mental incapacity from bodily weakness.    Graham v. Deuterman (Ills.) 75 N. E. 480; Manatt v. Scott 106 Iowa, 203, 76 N. W., 717, 61 Am. St. Rep. 293; Hall v. Perry 87 Me. 569, 33 Atl. 160, 47 Am. St. Rep. 352; Sevening v. Smith (Ia.) 133 N. W. 1081; Speer v. Speer, (Ia.) 123 N. W. 176; Salinas v. Garcia, (Tex. Civ. App.) 135 S. W. 588.

*John L. Jolley,* and *Bogue & Bogue,* for Respondents.

The verdict of a jury on issues submitted to them in an equity case is not conclusive, but will generally be adopted. Humphreys v. Ward, 74 N. C. 874; Orgain v. Ramsey, 22 Tenn., 580.

The same general rules involved apply alike to wills and deeds. Miller v. Wills, 28 S. E. 337; McDaniel v. Marygold, 65 Am. Dec. 786.

The findings are sustained by a preponderance of the evidence. The necessity for opinion evidence is based upon the fact that the elements forming the basis of the opinion cannot be accurately, fully and intelligently presented to the jury or the court.

The evidence is amply sufficient to sustain the findings of the jury and court, and so strong and so persuasive is the evidence, when it is considered in the light of all the circumstances of the case that any other finding than that of the jury and the court would be error and a denial of justice. Corson's Estate (S. D.), 135 N. W. 666; Davis v. Davis (S. D.) 137, N. W. 283; In re Walker's Will (Ia.), 128 N. W., 387; Glass v. Glass, 127 Iowa, 646; 103 N. W. 1013; Delafield v. Parish, 25 N. Y., 1; Coleman v. Robertson, 17 Ala., 84. "A person possessed of sufficient mental capacity to attend to his ordinary business is capable of making a valid will." Barnes v. Barnes, 66 Maine, 286; In re Glesspin's Will, 26 N. J. Eq., 523. Testamentary incapacity does not necessarily presuppose the existence of insanity. Weakness of intellect from extreme age, from great bodily infirmity or from intemperance to the extent of disqualifying one from knowing or appreciating the nature, effect and consequences of the acts he is engaged in amounts to testamentary incapacity. Hudson v. Hughhan, 56 Kans., 152; 42 Pac. 701; Leech v. Leech, 5 Clark, 86 (Pa.)

McCOY, J. This action involves the contest of the will of one Jane Hackett, who died October, 1911, having theretofore, on the 8th day of September, 1908, made what purported to be her last will and testament. When this will was offered for probate certain of her children and heirs and devisees under said will appeared and entered written objections, and contested the probate of said will upon the ground, among others, that at the time of the execution of said will said Jane Hackett was not of sound mind, and was not competent to make a last will and testament.

The county court, after hearing, by order and judgment admitted said will to probate. From the order and judgment admitting said will to probate contestants appealed to the circuit court, where a trial de novo was had before the court and a jury. Verdict was rendered finding that said decedent, at the time of the execution of said will, was not of sound mind, and was not competent to make a last will. Thereafter, and before the makings of findings by the trial court, the appellant moved the court to disregard the findings of the jury and to make findings favorable to appellant. The motion was overruled and denied, and appellant excepted to such ruling. The court then adopted the findings of the jury and rendered judgment disallowing the probate of said will, from which judgment the appellant, Eugene Hackett, has taken an appeal.

[1-4] The vital question to be determined is whether or not the said finding of the jury, as adopted and approved by the findings of the court, is opposed by the weight or clear preponderance of the testimony. The verdict was advisory to the court only. Shaw v. Shaw, 28 S. D. 221, 133 N. W. 292. We are of the opinion that the clear preponderance of the evidence is against said findings. The evidence on the trial was quite voluminous, and it will serve no useful purpose, and it would be impracticable, to herein set the same out in full. Evidence which is practically undisputed shows the following facts: That the will in question was written and executed on the afternoon of September 8, 1908, at the family home of Jane Hackett, who was then a widow, her husband having died several years prior thereto; that about a year previous to the execution of the will she had suffered a stroke of partial paralysis, and from that time on until a very short time before her death her physical condition was weak and frail; before and after the execution of the will, her locomotion was partly impeded, but she attended to her household duties, sweeping floors, washing dishes, making beds, and to some extent superintended her farm, walking over the farm, receiving the proceeds, and paying the same out in the ordinary course of business; that she then resided with her two unmarried sons, Eugene and Arthur, and one unmarried daughter, the oldest of whom was about 25 years of age; that she had other married children living in the neighborhood, whom she visited from time to time, after the stroke of paralysis; that her physical state of health, from shortly after the stroke of

paralysis until about two months before her death, remained generally the same; on the afternoon in question she sent for an attorney to write the will, and also sent for a neighbor to witness the same; it does not appear that she had ever had any previous conversation with any of the members of her family concerning the contents of the will she was about to execute—no mention of a will other than that she intended to make one; when the attorney appeared she said, "I sent for you to draw my will." The attorney said, "How do you wish to have it drawn?" she then directed to the minutest detail the contents of the will; sometimes she was sitting in a rocking chair, and sometimes walking about the room while the will was being prepared. The attorney first made a rough draft before making out the will. Her property consisted of a 160-acre farm and farm personal property and some money; she had been the mother of fifteen children, some of whom were deceased, having left children, the grandchildren of decedent; she first directed the attorney to draw the will, giving $100 to each son, and $50 to each daughter, and the residue to Eugene; she conversed with neighbor Mayer, whom she had called in to witness the will, concerning the provisions of the will; then she said, "I will change that. I will give the sons two hundred dollars each, and the daughters $100 each, and the grandchildren $50 each, and to Eugene the remainder;" she stated that she originally had intended to divide the farm equally between Eugene and Arthur, but that Arthur had not done as he should; that Eugene had been good to her, and that she thought he would take good care of her so long as she lived. There is no evidence of any character tending to show undue influence. The surrounding facts and circumstances strongly tend to show that Jane Hackett was of sound and disposing mind and memory at the time she executed said will. It does not necessarily follow that, because one is physically weak and frail, one is of unsound mind and memory. Oxford v. Hopson, 73 Ark. 170, 83 S. W. 942; Paulus v. Reed, 121 Iowa, 224, 96 N. W. 757; Tichy v. Simecek, 4 Neb. (Unof.) 597, 95 N. W. 629. The living children of decedent were arrayed about evenly on the two sides of this controversy; those in favor of probating the will were of the opinion that her mind was bright and perfect when the will was executed; those opposed to the probating were of the opinion that she was not of disposing mind and

memory. Nonexpert opinions of this character have but little, if any weight, except in as far as they are based on the surrounding facts and circumstances warranting such opinions. Auld v. Cathro, 20 N. D. 461, 128 N. W. 1025, 32 L. R. A. (N. S.) 71, Ann. Cas. 1913A, 90; Davis v. Davis, 29 S. D. 420, 137 N. W. 283. The opinions expressed by the witnesses for respondents seem to be generally mere naked opinion, not based on substantial reasons therefor; the facts that decedent shed tears when conversing with her children and when parting with them, or that she at such times talked incoherently, is no proof that at the time she executed the will she was not of sound and disposing mind and memory. The motion to disregard the verdict of the jury and to make findings for appellant should have been granted.

The judgment appealed from is reversed, and the cause remanded for further proceedings in consonance herewith. This court, were it so empowered, would direct final judgment to be entered in favor of appellant.