No. 18,724.

JAMES WALTER GORDON et al., *Appellants*, v. MRS. SARAH C. GORDON, Individually and as Administratrix, etc., *Appellee.*

### SYLLABUS BY THE COURT.

1. WILLS—*Testamentary Capacity of Testator—Conflicting Evidence.* On the trial of an issue of fact to determine the question of testamentary capacity, the rule that a finding of fact based upon conflicting evidence will not be set aside in this court is followed.

2. TRIAL—*By the Court—Incompetent Evidence—Prejudice Must Affirmatively Appear.* The admission of incompetent evidence in a trial by the court where there is competent evidence to support the findings does not afford ground for reversal unless prejudice is affirmatively shown.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed July 7, 1914. Affirmed.

*E. E. Haney, D. H. Wooley,* both of Girard, and *John Marshall,* of Topeka, for the appellants.

*Alpheus Lane,* and *M. A. Lane,* both of Paola, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an appeal from a judgment refusing probate of the will of Wallace Gordon for want of testimentary capacity.

The testator was a farmer 72 years of age. The will was made on February 14, 1910, and he died on the 27th day of April following, leaving a wife but no children. For several years before his death he had been in failing health and his mind grew feeble. For some time he was in a distressing physical condition, and his mental faculties were impaired—whether sufficiently to destroy testamentary capacity was the issue in this case. Upon this issue a score or more of witnesses living in the vicinity of the testator's home, including the

Gordon v. Gordon.

two witnesses to the will and a doctor who treated him for the last seven years of his life, testified to their opinions that he was of unsound mind. They described his conduct and language, stated their means of observation, and related incidents and circumstances upon which their opinions were based. Other witnesses gave their opinions that the testator's mind was sound. They too stated reasons and related circumstances upon which their opinions were based. In short, there was a sharp conflict in the testimony, and the finding of the district court that the testator was not of sound mind and was not possessed of testamentary capacity is conclusive.

The rules of law by which testamentary capacity is to be measured are quite fully argued by the plaintiffs, but nothing appears in the abstracts to indicate that the court did not correctly apply them in weighing the evidence and finding the facts. It would require several pages to state in substance the language, conduct, and appearance of the testator, and the incidents and circumstances related by the witnesses, and would serve no good purpose.

Two or three of the plaintiffs' witnesses were asked whether, based upon their observation of the conduct, demeanor and actions of Mr. Gordon, he was, in their opinion, competent to intelligently execute a will on the day it was made and intelligently to dispose of his property. The questions were objected to because they embraced the ultimate fact in issue. It must be remembered that these witnesses testified to the incidents, circumstances, conduct and appearances, upon which their opinions were based, and that there was ample competent evidence to support the finding without this testimony of these particular witnesses. Conceding that the questions were objectionable, the error was harmless. (*McCready v. Crane,* 74 Kan. 710, 88 Pac. 748; *Kimball v. Edwards,* 91 Kan. 298, 137 Pac. 948.) It will be presumed that the finding was made upon com-

petent evidence and that the court was not influenced. by the opinions of witnesses in fixing the standard of testamentary capacity.

Criticism is made of the testimony of the subscribing witnesses. It is said that such testimony must be received with great caution. Attesting witnesses are not disqualified. Their testimony on the question of the sanity of the testator is constantly received. (3 Wigmore on Evidence, § 1936.) Its weight, like all. other testimony, must be left to the court or jury trying the fact.

No error is found in the proceedings and the judgment is affirmed.