No. 18,891.

WILLIAM A. WHITELEY et al., *Appellants,* v. GERTIE WATSON et al., *Appellees.*

SYLLABUS BY THE COURT.

1. TRUST DEED—*Action to Set Aside—Undue Influence—Fraud —Findings Sustained by Evidence.* In this action, commenced by heirs at law to set aside a trust deed made by their ancestor for the benefit of other heirs and their children, on the ground of undue influence and fraudulent conduct of the grantee in obtaining the deed, and upon the ground also that it had never been delivered, it is held that the findings of the district court upon these issues are sustained by competent evidence.

2. SAME—*Admission of Immaterial Evidence—Not Prejudicial.* Objections to the admissibility of certain evidence are considered and found to be immaterial because the findings of fact are supported by competent evidence, aside from the testimony objected to which does not appear to have prejudicially affected the substantial rights of the parties objecting thereto.

3. —— *Stipulation for Settlement.* The ruling upon a stipulation for settlement, made upon certain conditions not fulfilled, is considered and approved.

Appeal from Leavenworth district court; OSCAR RAINES, judge *pro tem.* Opinion filed January 9, 1915. Affirmed.

*M. N. McNaughton,* of Leavenworth, *F. T. Woodburn, E. D. Woodburn,* both of Holton, *A. E. Crane,* of Atchison, *S. P. Forsee,* and *Lathrop, Morrow, Fox & Moore,* all of Kansas City, Mo., for the appellants.

*McCune, Harding, Brown & Murphy, Spencer F. Harris,* and *Jay L. Oldham,* all of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

BENSON, J.: This is an action to set aside a conveyance of eight hundred and fifteen acres of land in Leavenworth county made by Abner Whiteley to his granddaughter, Gertie Watson, in trust to pay the net annual income to the grantor during his life, then to herself and her brother George in equal shares during their respective lives, upon the death of either his or her share of the income to be paid to the children of the one deceased, and upon the death of both the property to be deeded by the successor in trust to their children.

The plaintiffs are William A. Whiteley, a brother, and Goldie Cole, a sister, of Gertie Watson and George Whiteley, joined with the Convention City Investment Company, which claims an interest under William and Goldie. The action is based upon two grounds alleged in the petition, viz., fraudulent conduct and undue influence of Gertie Watson in procuring the execution of the deed, and the failure of the grantor to deliver it. A like trust of the same date, having the same parties, conveying 800 acres of land in Platte county, Missouri, is the subject of a similar action in that state. Both deeds are dated February 25, 1907.

The evidence is very voluminous, and covers many transactions, some bearing only remotely upon the questions to be decided. Four abstracts—two by each of the parties—are presented, comprising over 840 printed pages. Much of the evidence is repeated in lengthy briefs and supplemental briefs. The issues,

however, are simple, viz., Was the deed procured through fraud? and was it delivered? The district court found against the plaintiffs upon both questions. Our duty is to determine whether these findings are sustained by competent evidence.

To show undue influence, evidence was allowed of a trust deed made by Abner Whiteley to the same granddaughter in the year 1895, conveying 700 acres of land in Carroll county, Missouri, and subsequent transactions extending over several years. Mr. Whiteley, the ancestor, was born in the year 1816. He was successful in the accumulation of property. He had two sons, Bennett and Franklin, and a daughter Mary, now Mrs. Snyder. Bennett died in the year 1893, having conveyed the land in Carroll county, Missouri, which had previously belonged to him, to his father. He was ill with tuberculosis for some time before his death, which caused him to live alone for a time in a cabin near the western boundary of this state, where he died, attended at the time only by his daughter Gertie, then less than twenty years of age and unmarried. The evidence tends to show that Bennett and his wife had not lived happily together for some time before his death. Besides his widow, he left two sons, George and William, and his daughters Gertie, and Goldie then seven years of age, his only heirs. Abner Whiteley conveyed the Carroll county land to Gertie, who was then Mrs. Watson, in trust for the benefit of all of Bennett's children during their lives with remainder to their children. Gertie appears to have been capable and energetic, and her grandfather had confidence in her business ability and integrity. Some friction ensued between the brothers and Goldie and Mrs. Watson concerning the trust estate, but she continued to execute the trust under the deed, and its validity is not drawn in question. Mr. Whiteley, who at that time was vigorous and possessed of great business capacity,

43—93 KAN.

counseled freely with Mrs. Watson concerning the trust estate, visiting the property two or three times a year, usually stopping with her. He lived at different places, with his children in Leavenworth, and in Platte and Jackson counties, Missouri, but not with Mrs. Watson until the last year of his life. In the year 1902 he purchased the land in controversy in this action, and for some years before that time had owned the Platte county land. He also owned a section of land in Wyandotte county and considerable land in California. Besides the conveyance in trust, assailed in this action, Abner Whiteley conveyed his land in California to his daughter, Mrs. Snyder, as her prospective share, and the section in Wyandotte county to C. W. Babcock in trust for the benefit of the children of his deceased son, Franklin, to have the net income during minority and the fee when the youngest reaches majority. William and Goldie, the two of Bennett's children not provided for in the final disposition of the grandfather's land made under the trust deeds to the Leavenworth and Platte county lands, contend that they were excluded through the malign influence and fraud of their sister, Mrs. Watson, while her contention is that the deeds were the product of his own free, voluntary and deliberate purpose. Evidence was given in support of both theories, covering much family history and many details of individual conduct, which it is useless to review since the testimony is conflicting and the findings of the trial court determine the facts. The plaintiffs, however, insist that notwithstanding this elementary rule, the undue influence of Mrs. Watson is established by the application of well-settled principles of law to one or more of the findings of fact. The findings which it is deemed necessary to consider in determining this contention are:

"5. The court finds that at the time of the date of the deed in issue, to wit, February 25, 1907, and at all times prior thereto, and at all times thereafter, up to the time of his last illness, Abner Whiteley was a man

of strong mind and will power and unusual business capacity, and that from the time of the death of his son, Bennett Whiteley, in 1893, he managed and controlled all of his business affairs without the advice of any one, and that with the exception of the period of time from the death of his son Bennett, in 1893, until April 4, 1895, during which time Gertie Watson acted as his agent in the renting of the Carroll County farm, afterwards deeded to her in trust, Abner Whiteley actively and alone, managed and controlled and attended to all business affairs connected with the running of all his farm lands and personally attended to all his business affairs of every kind and that he was not dependent upon Gertie Watson for advice as to the control or management of his property.

"6. Abner Whiteley died aged 92 years and about five months, and that on February 25, 1907, and for several years prior thereto, and at all times thereafter up to his death, Abner Whiteley was feeble in body; his eyesight impaired by reason of old age; his hearing defective; he was afflicted with a bowel trouble that at times prevented the control of his bowels and that subsequent to February 25, 1907, and prior to June 1st, 1907, he met with an accident that crippled him and made it difficult for him to get about from that time to the date of his death.

"7. On the 25th day of Feburary, 1907, and for several years prior thereto, and from said date until the death of Abner Whiteley, there existed between the said Gertie Watson and the said Abner Whiteley a relation of friendship and confidence but that the character of that relation of friendship and confidence was not such a relation of confidence and trust such as the law presumes and from which the court should find in this case that the deed of trust in question to the Leavenworth county land, dated February 25, 1907, and set out in finding two hereof, was signed and acknowledged and that the said Abner Whiteley was induced to sign and acknowledge said deed in question through and on account of the undue influence of Gertie Watson.

"8. Abner Whiteley never lived with defendant, Gertie Watson, prior to June 1st, 1907, and that defendant, Gertie Watson, never lived in the same house or in the same city with Abner Whiteley, prior to June 1st, 1907.

"9. . . . Gertie Watson only visited Abner Whiteley once from the time of the death of her father up to the time of her moving to Kansas City, Missouri, in 1906, and that she only visited him after coming to Kansas City, and prior to his coming to live with her on June 1st, 1907, three or four times.

"That Abner Whiteley only visited at the home of defendant, Gertie Watson, in Carroll County, Missouri, two or three times a year; that he only visited at her home in Kansas City, Missouri, after 1906, and prior to June 1st, 1907, except at infrequent intervals when on his way to the Babcock farm.

"10. Gertie Watson was named by Abner Whiteley as trustee in the Carroll County deed, and in the Leavenworth County deed in question, without any solicitation on her part and against her own wishes.

"11. Abner Whiteley, at various times and to various persons stated prior to February 25, 1907, that he intended to deed the Havens or High Prairie farm (being the farm in question) to Gertie Watson as trustee for herself and George Whiteley, and their children.

"12. The names of Goldie Cole and William A. Whiteley were not in the deed in question and that Abner Whiteley, for several years prior to February 25, 1907, had intended to disinherit Goldie Cole and William A. Whiteley, on account of their own actions, and that his decision to omit their names as beneficiaries and grantees in the deed in question, was occasioned by their own misconduct and that Abner Whiteley himself, of his own knowledge, knew of this misconduct on their part, and that he was not induced to cut them out from the participation in this property in question by reason of any statements or influence of defendant, Gertie Watson, and that the omission of their names from the deed in question was not occasioned by any undue influence of Gertie Watson.

"13. Abner Whiteley, at the time of the execution of said deed in question, was of sufficient mental capacity to make a deed, and that he did on February 25, 1907, execute and deliver said deed in question to the Leavenworth County land, to Gertie Watson, defendant therein, and at the time of so doing, was acting upon his own volition, and did not do so by reason of any undue or improper influence exercised by defendant, Gertie Watson, upon him."

In addition to the foregoing findings on the particular questions of undue influence and failure of delivery, the district court in express terms found all the issues in favor of Mrs. Watson. One of the conclusions of law is:

"That the evidence in this case of the relation between Abner Whiteley and Gertie Watson is not sufficient to raise a presumption that the execution or delivery of the deed in question was procured by the exercise of undue influence of Gertie Watson over Abner Whiteley."

The particular contention of the plaintiffs above referred to concerning these findings is that upon the relation of friendship and confidence expressly found by the court, a *prima facie* case of undue influence was established, and that the conclusion to the contrary evinces a misapprehension of the law governing the case. If it should be conceded that a *prima facie* case is shown by that finding standing alone, it is rebutted by other findings copied above. It can not be disputed that this is the inevitable result of all the facts found by the court when considered together as they must be. It is not permissible to make one finding alone the ground for reversing a judgment, disregarding all others.

The question of delivery will now be considered. Upon this issue the district court found:

"That on or about the 25th day of February, 1907, Abner Whiteley, without any undue influence of Gertie Watson had the deed to the Leavenworth County land in question as set out in finding two, prepared; that on said February 25, 1907, Abner Whiteley signed and acknowledged the same and caused it to be delivered to the defendant, Gertie Watson; . . . After the date of the execution of the deed in question, to wit: February 25, 1907, Abner Whiteley frequently stated to various persons that he had deeded the Havens or High Prairie farm to Gertie Watson as trustee for herself and George and their children and that he had delivered such deed to defendant, Gertie Watson, and

that he continued to make such statements up to the time of his death. . . . The deed in question in this case, heretofore set out in the finding number two hereof as the Leavenworth county deed, was duly signed, acknowledged and delivered by Abner Whiteley to defendant, Gertie Watson prior to his death, and that he was not induced so to do by reason of any improper or undue influence of said defendant, Gertie Watson."

It appears, therefore, that the court not only found that the deed had been delivered, but also found that the grantor had stated that he had delivered it, continuing to make such statements at different times until near his death. The plaintiffs insist that these repeated findings are not supported by the evidence. But searching through the many voluminous abstracts evidence is found of repeated statements of the grantor that he had deeded the property in trust to Gertie; that she had the deeds (referring to both the Leavenworth and Platte county deeds), and the testimony of two witnesses at least that he had said that he had delivered the deeds to her. One witness testified that Mr. Whiteley told him that he had the attorney (naming him) who drew the deeds deliver them in his presence to Mrs. Watson. She testified that she received them at that time from the attorney so named, and kept them in her possession all the time until her grandfather died. They were found in her possession when he died. Upon this and other evidence the finding of delivery must be sustained.

Objections to testimony will be briefly considered. The plaintiffs offered testimony tending to show that George Whiteley and his wife called at Mrs. Watson's home a little before their grandfather's death, and asked to see the deed in question and the Platte county deed, and that she produced them by going first to a dresser and then to a closet and then bringing them, concealed by throwing her apron over them as she passed near where her grandfather was sitting. In re-

buttal Mrs. Watson's attention was called to this testimony, and she testified, in substance, that she took the deeds from a cupboard in the same room and showed them to her brother and sister, making no effort at concealment. She was then asked whether her grandfather ever saw the deeds in her possession. An objection was made that an answer would "bring out transactions with a deceased person and would be a conclusion." The objection being overruled, she answered in the affirmative.

Mr. Babcock, trustee in the deed of the Jackson county lands for the benefit of Franklin Whiteley's children, was allowed to testify over the plaintiffs' objection to a conversation with Abner Whiteley relating to the delivery of the deed in question. The objection was based upon the alleged incompetency of the witness under the statute (Civ. Code, § 320) excluding conversations by a party in certain cases with a person since deceased. Arthur Watson, a defendant, a son of Mrs. Watson, the trustee, who will be entitled to a share in the land on the death of his mother and his uncle George, was permitted, over the same objection, to testify to a conversation in which Abner Whiteley told him, using the witness's language, "That he was leaving the deeds in care of my mother and that it was to be ours at her death, and at my uncle's death his children was to receive his part." Objection on the same ground was made to the testimony of Mr. Watson, husband of the trustee. It should be observed that he does not have any interest in the property except an inchoate interest in one-half of the net rents and profits to be paid to his wife during her lifetime. The fee, it will be remembered, will vest in her children and William's children at her death, but not in him or his wife.

Without discussing the question whether the testimony, or any part of it, to which the objections were made should have been excluded, it is sufficient to say that there was ample evidence upon the matters to which it related to sustain every finding it may have

tended to prove, and its admission was therefore immaterial. The rule is settled in this jurisdiction that:

"The admission of incompetent evidence in a trial by the court where there is competent evidence to support the findings does not afford ground for reversal unless prejudice is affirmatively shown." (*Gordon v. Gordon*, 92 Kan. 730, syl. ¶ 2, 142 Pac. 242.)

(See, also, Civ. Code, § 581.)

Some objection is made to the exclusion of testimony of a witness offered in rebuttal. The witness was an attorney for one of the plaintiffs, and had already been examined at length at different times when previously on the stand. The trial had been prolonged, the evidence sought does not appear to have been very important, and the court exercised a just discretion in declining to hear it.

Pending an action between the same parties to set aside the trust deed to the Platte county, Missouri, lands, a stipulation for settlement of both cases was signed by the attorneys for the adult parties. The stipulation provided that it was made upon condition that the heirs of Franklin Whiteley should agree to its terms within sixty days, and if not so agreed to, the stipulation should be void. That action was continued to make Franklin Whiteley's heirs (who are minors) parties to the action, as their interests would be affected by the proposed settlement. This stipulation having been pleaded by the plaintiffs, the district court found that two minor defendants already impleaded were necessary parties to this action, whom the stipulation did not bind or purport to bind, and also that the action had been dismissed as to the heirs of Franklin Whiteley, which made it impossible to carry the stipulation into effect. This ruling is complained of especially by the Convention City Investment Company, which claims an interest as a grantee of George Whiteley and Goldie Cole, its coplaintiffs, but the complaint is without merit. No discussion of the question seems to be necessary.

The judgment is affirmed.