### *BILBY et al. v. STEWART et al.

No. 5702. Opinion Filed December 21, 1915.

Second Petition for Rehearing Denied February 29, 1916.

(153 Pac. 1173.)

1. **WILLS—Right to Jury Trial—Advisory Findings—Probate Proceedings**—On appeal to the district court from a judgment of the county court refusing to admit a will to probate, the district court may, in its discretion, submit the questions of undue influence and testamentary capacity to a jury, under section 6515, Rev. Laws 1910. The findings of the jury, however, are not binding, but advisory only.

2. **WILLS—Finding of Fact—Testamentary Capacity.** Testamentary capacity, or the lack thereof, is a question of fact. There is no rule by which it may be determined, with precision, where capacity ends and incapacity begins, but this question should be determined from all the facts and circumstances of each particular case; and, where the evidence fairly and reasonably supports the finding of testamentary incapacity, the same will not be disturbed on appeal.

3. **SAME—Test of Testamentary Capacity**—Ordinarily the test of testamentary capacity is the testator's capacity to understand the effect and consequence of his act, at the time the will is executed.

4. **SUFFICIENCY OF EVIDENCE.** Evidence upon the question of testamentary capacity examined, and **held** to fully support the finding of incapacity.

(Syllabus by Dudley, C.)

---

* Appealed to the Supreme Court of the United States.

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Nicholas V. Bilby and others against Albert Stewart and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Lewis C. Lawson,* for plaintiff in error.

*Crump & Skinner,* for defendants in error.

Opinion by DUDLEY, C.   On March 18, 1911, Waco Bruner, a full-blood Creek Indian, executed a purported will, bequeathing his allotted lands to plaintiff in error Nicholas V. Bilby, and designating the plaintiff in error H. B. Moffitt the sole executor thereof.   On November 21, 1912, said alleged testator died in Hughes county, Okla., seised and possessed of said lands.   He was a resident of said county at the time of his death.   Bilby is the principal beneficiary under said purported will.   He, however, was not related to the deceased.   On November 23, 1912, Moffitt, the executor named in said purported will, presented the same to the county judge of said county, and filed a petition asking for the probate thereof.   The defendants in error, claiming to be the sole and only heirs at law and next of kin of said deceased, filed a contest, protesting against the probate of said purported will, on the grounds, among others, that the same was procured through the undue influence of Bilby, the principal beneficiary therein, and that the alleged testator did not possess the capacity to make the same.   Issues were joined and a hearing had, resulting in a finding against the contestants upon the questions of undue influence and testametary capacity, but denying the probate of said purported will, for the reason that the testator was a full-blood Creek Indian, and on account thereof was incapable

of alienating his allotted lands by will. Both the proponents and contestants appealed from this judgment to the district court of said county, where the case was tried *de novo*, resulting in a judgment denying the probate of said will on the ground of testamentary incapacity. From this judgment the proponents have appealed.

In the trial of the case in the district court, the trial court, without objections, submitted to a jury the questions of undue influence and testamentary capacity. The jury found that said purported will was procured through the undue influence of Bilby, and that the alleged testator did not possess testamentary capacity to make the same. The trial court set aside the jury's finding of fact on the question of undue influence, but approved and adopted its finding on the question of testamentary capacity.

The proponents first insist that the trial court committed prejudicial eror in submitting the two questions of fact to the jury. We think not. The right of trial by a jury, guaranteed under section 19, art. 2, of the Constitution (section 19, p. 15, Williams' Ann. Const.), except as modified by the Constitution itself, means the right as it existed in the Territory of Oklahoma at the time of the adoption of the Constitution. *State ex rel. West, Atty. Gen., v. Cobb, County Judge,* 24 Okla. 662, 104 Pac. 361, 24 L. R. A. (N. S.) 639; *Baker v. Newton,* 27 Okla. 436, 112 Pac. 1034; *In re Byrd,* 31 Okla. 549, 122 Pac. 516; *Ex parte Dagley,* 35 Okla. 180, 128 Pac. 699, 44 L. R. A. (N. S.) 389; *Catron v. Deep Fork Drainage District No. 1,* 35 Okla. 447, 130 Pac. 263; *State Bar Commission ex rel. Williams v. Sullivan,* 35 Okla. 745, 131 Pac. 703, L. R. A. 1915D, 1218.

Under the law in force in the Territory of Oklahoma at the time of the adoption of the Constitution, neither party in a proceeding of this kind was entitled, as a matter of right, to a trial by a jury, but the court might, in its discretion, submit certain questions of fact to a jury, the findings of which, however, were not binding, but advisory only. Section 1807, vol. 1, Wilson's Ann. St. 1903; *Cartwright v. Holcomb et al.,* 21 Okla. 548, 97 Pac. 385; *Engle v. Yorks,* 7 S. D. 254, 64 N. W. 132; *In re McClellan's Estate,* 20 S. D. 498, 107 N. W. 681; *Rich v. Bowker,* 25 Kan. 7; *Hudson v. Hughan et al.,* 56 Kan. 152, 42 Pac. 701; *Gallon v. Haas,* 67 Kan. 225, 72 Pac. 770; *Rathjens v. Merrill,* 38 Wash. 442, 80 Pac. 754; *In re Benton's Estate,* 131 Cal. 472, 63 Pac. 775; *Estate of Dolbeer,* 153 Cal. 652, 96 Pac. 266, 15 Ann. Cas. 207, note 211. The section above referred to is as follows:

"When the appeal is on questions of fact or on questions of both law and fact, the trial in the district court must be *de novo,* and shall be conducted in the same manner as if the case and proceedings had lawfully originated in that court; and such appellate court has the same power to decide the questions of fact which the probate court or judge had, and it may, in its discretion, as in suits in chancery, and with like effect, make an order for the trial by jury of any or all the material questions of fact arising upon the issues between the parties, and such an order must state distinctly and plainly the questions of fact to be tried."

This section was carried forward in the Revised Laws 1910 (being section 6515 thereof), and is in force in this state unless repugnant to the foregoing, or some other, provision of the Constitution; and, in our judgment, it is not repugnant to such provision, or any other provision, of the Constitution with reference to trial by a jury as a

matter of right.   This section of our statute is identical
with section 359 of the Probate Code of South Dakota, and
the Supreme Court of that state, in the case of *Shaw et
al. v. Shaw,* 28 S. D. 221, 133 N. W. 292, Ann. Cas. 1914B,
554, considering the same in connection with certain pro-
visions of the Constitution of that state similar to ours,
held that it was not repugnant to the provisions of the
Constitution of that state with reference to the right of
trial by jury, and that, in proceedings of this kind, neither
party is entitled, as a matter of right, to a trial by a jury,
but that the court might, in its discretion, submit certain
questions of fact to a jury, the findings being advisory
only, and not binding.   See, also, *Estate of Dolbeer, supra;.*
*In re Corson's Estate,* 29 S. D. 14, 135 N. W. 666; *In re.*
*Hackett's Estate,* 33 S. D. 208, 145 N. W. 437.

Under the foregoing section of our statute, we think
the trial court had a right, in its discretion, to submit the
two questions of fact to the jury, and that, in setting aside
the one and approving and adopting the other, it, in effect,
determined, from all the evidence, that the alleged tes-
tator did not possess testamentary capacity.   Proponents,
however, insist that the foregoing section of our statute
is in conflict with section 21, art. 7, of the Constitution,
which provides:

"In all jury trials, the jury shall return a general
verdict, and no law in force, nor any law hereafter en-
acted, shall require the court to direct the jury to make
findings on particular questions of fact; but the court may,
in its discretion, direct such special findings."

We do not think so.   This section clearly refers to
cases in which the parties are entitled to a trial by a jury
as a matter of right, and does not, in any manner, limit or
prohibit trial courts, in proceedings of this kind, from

submitting certain questions of fact to a jury. *King v. Timmons*, 23 Okla. 407, 100 Pac. 536 (see body of opinion).

Aside from the question as to whether or not the trial court had a right to submit these two questions of fact to a jury, the proponents are not in position to complain here, for the reason that the record shows that no objections were made to the action of the trial court in this respect, but that, as a matter of fact, it was done by the consent of the parties.

It is next insisted that counsel for contestants made certain admissions, after the close of the testimony, that entitled the proponents to have the alleged will probated. The admissions were made while the court was considering the question as to who had the right to open and close the argument, and the substance of the admissions is that the contestants conceded that the proponents had made out a *prima facie* case, and that unless the contestants had overcome this, by a preponderance of the evidence, the will should be admitted to probate. We see nothing in this admission that deprives the contestants of the right to have the question of testamentary capacity determined, upon consideration of all the evidence. There is no merit in this contention.

It is also insisted that the evidence is insufficient to support the finding of testamentary incapacity. The jury found, as above stated, that the alleged testator did not possess testamentary capacity. This finding was approved and adopted by the trial court, which had the effect of a finding of incapacity by the court, and we are called upon to say whether or not the evidence fairly and reasonably supports the finding. We think it does. The evidence upon the question of testamentary capacity is voluminous and

sharply conflicting, and it would serve no useful purpose to set it out in detail. It is sufficient, however, to state that the deceased was a full-blood Creek Indian; he died seised and possessed of no property other than his allotted lands; he was a bachelor about 45 years old; his father and mother were dead; he left no brothers or sisters surviving him, and the contestants are his nearest relatives. Bilby had been in possession of his lands for several years prior to his death, paying a small rental therefor; the deceased had no home, but stayed with his relatives, friends, and acquaintances, roaming from place to place; he was in bad health and had been, for some time prior to his death, suffering with tuberculosis, and could not speak above a whisper; he spoke broken English, was uneducated, and knew practically nothing about the ordinary business affairs of life. From an examination of all the evidence, we are satisfied that the same fairly and reasonably supports the court's finding of testamentary incapacity.

Testamentary capacity, or the lack thereof, is a question of fact. 40 Cyc. 1331; *Gordon et al. v. Gordon et al.*, 92 Kan. 730, 142 Pac. 242. There is no rule by which it may be determined, with precision, where capacity ends and incapacity begins, but this question should be determined from all the facts and circumstances of each case. Ordinarily the test of testamentary capacity is the testator's capacity to understand the effect and consequences of his act at the time the will is executed. *Wilkinson v. Service et al.*, 249 Ill. 146, 94 N. E. 50, Ann. Cas. 1912A, 41; *Slaughter v. Heath et al.*, 127 Ga. 747, 57 S. E. 69, 27 L. R. A. (N. S.) 1, and note. Testator's incapacity having been determined upon evidence reasonably supporting the

same, it will not be disturbed here. *Gordon et al. v. Gordon et al., supra.*

We think the parties had a fair trial, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.