No. 30,386.

THE UNION PUBLIC SERVICE COMPANY, *Appellant*, v. THE PUBLIC SERVICE COMMISSION OF THE STATE OF KANSAS et al., *Appellees*.

(9 P. 2d 976.)

Opinion filed April 9, 1932.

*H. A. Russell*, of Topeka, and *Robert D. Garver*, of Kansas City, Mo., for the appellant.

*Charles W. Steiger* and *Earl H. Hatcher*, both of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal by the Union Public Service Company from a judgment of the district court of Anderson county upholding on review an order of the public service commission fixing a schedule of rates for gas in the city of Colony. After a hearing and rehearing of the matter of rates to be charged in Colony, the public service commission made the following final order fixing the schedule of rates: "Service charge, 75¢ per mo. per customer; 40¢ per M cu. ft. for local gas; 60¢ per M cu. ft. for pipe-line gas." The rate for local gas, forty cents per thousand, was the same as that charged in the schedule filed by the Union Public Service Company.

There was no controversy between the parties as to the rates for local gas. No increase for such gas was asked by the appellant, but the contention of the appellant was that there was not enough available local gas in the Colony field and hence it was necessary to furnish pipe-line gas at a higher rate purchased from the Cities. Service Company. If there was sufficient local gas to supply the needs of Colony, there was no occasion to use the pipe-line gas or

to charge customers more than the local gas rate. The commission held that the Union Public Service Company, which had been taken over by and was a subsidiary of the Cities Service Company, which has a pipe-line from Texas to Kansas City passing through Colony, had made no effort to acquire and furnish local gas to the consumers in the Colony field; that it had ceased the use of local gas and had begun furnishing pipe-line gas, charging the higher rate for it. The commission found that there was abundant local gas in the local field to supply Colony and that it could be procured by the company for twenty cents per thousand cubic feet, which was about half the cost of pipe-line gas. The commission held that the rate being charged consumers by the Union Public Service Company was unreasonably high and that the schedule fixed by the commission, as already stated, was a fair and reasonable return on the investment of the gas company.

On the hearing the present controversy was narrowed to the question whether there was local gas which could be procured at around twenty cents per thousand, or approximately twenty cents less than the pipe-line price paid to the Cities Service Company; and that the citizens of Colony should receive the benefit of the local gas produced within the city and its immediate vicinity. This appears from the statement of counsel for the Union Public Service Company, in which he said at the final hearing before the commission that:

"As I understand the situation, the only question at issue now is whether there is any local gas at Colony available to the Union Public Service Company for the supply of that town, the former matters of connection to customers have been disposed of and so far as the valuation is concerned the company will accept the commission's valuation for the purposes of this case, and the only issue is as to local gas."

That being the issue, the principal consideration on this appeal is whether there is evidence sufficient to show that there is enough local gas in the vicinity of Colony to supply the consumers of that city. Considerable testimony was submitted to the commission upon the question and most of it was to the effect that a quantity far in excess of the requirements of Colony was produced within the corporate limits and the immediate vicinity of that place.

The rate fixed by the commission for local gas was in accordance with the schedule filed by the company itself. The consumers at Colony were entitled to local gas at the rate named in the schedule fixed by the company. The Union Public Service Company was a subsidiary of the Cities Service Company and the latter company

furnished pipe-line gas to the former company and charged the consumers the scheduled and higher rate for such gas. Necessarily there was greater profit in gas furnished at the higher rate, but because of the relationship of the two companies the earnings of the Colony station all went into the same pocket. The plaintiff company had recognized that a concession should be made for gas obtained in the city and its vicinity and that if local gas was insufficient to supply the demand of the consumers the company could make up the deficiency by obtaining the quantity needed from the pipe line. For the supply of such a deficiency the company was entitled to the higher rate. But if there was sufficient local gas to supply Colony, the consumers should not be required to pay more than the local gas rate. At the hearings the controversy centered upon whether there was enough local gas to meet the demands of the consumers at that place. That was a question of fact which was determined by the triers of the facts and was determined by the public service commission, and also by the trial court from whose decision this appeal has been taken. Much testimony was produced by the parties and that of the defendant greatly preponderated over that offered by the plaintiff. It is unnecessary to set it out at length, but it may be said that if we were vested with the power and the duty to weigh the evidence, settle conflicts in it, and determine the facts as did the commission and trial court, we would feel constrained to uphold the findings of the commission. The trial court affirmed those findings, holding: "That the order of the commission under review is reasonable and lawful. It is therefore ordered and adjudged by the court that said order of the commission be, and the same is hereby sustained."

An objection is raised because of a comment of the commission that it would take judicial notice that the Cities Service Company, the owner of the Union Public Service Company, had entered into a contract at Parsons to furnish gas to consumers at fifty cents per thousand, based partially on the presence of local gas in that vicinity. Whether or not the commission may take judicial notice of such a contract shown by the records of the commission need not be decided. It is enough to say that there was abundant evidence apart from the Parsons matter to show that there was local gas in and about Colony to supply the customers at that place. The issue was framed and tried out on the theory that there was enough gas

to supply the demand at Colony, and in view of that issue and the evidence produced it must be held that the comment of the commission objected to, even if erroneous, is. not sufficient to overturn the findings. There was other competent evidence abundant to sustain the findings, and the comment as to the Parsons contract cannot have affected or prejudiced the substantial rights of the plaintiff. In this situation the error, if any, was not material. (*Whiteley v. Watson*, 93 Kan. 671, 145 Pac. 568.)

The judgment is affirmed.