In re WILKINS' ESTATE.
HEWITT v. WILKINS.

No. 32853.  Sept. 16, 1947.

Rehearing Denied Oct. 14, 1947.

*185 P. 2d 213.*

P. D. Erwin, of Chandler, for plaintiff in error.

M. A. Cox, of Chandler, for defendant in error.

LUTTRELL, J.  On January 10, 1945, Sylvester Wilkins, proponent, filed in the county court of Lincoln county a petition to probate the last will of Nora C. Wilkins, deceased.  The probate of the will was contested by H. C. Hewitt. The county court denied the petition to probate the will, and proponent appealed to the district court, which reversed the judgment of the county court and remanded the case with directions to admit the will to probate.  Contestant appeals.

The will was executed by Nora C. Wilkins on August 26, 1942, in the office of attorney M. A. Cox, who prepared it according to her instructions. At the time she made the will the testatrix was a widow, 83 years of age. By the terms of the will her only child, contestant, was to receive one-half of her property, and the other half was to be divided between three step-grandsons, Sylvester, Orville E., and Thomas E. Wilkins. Sylvester Wilkins was named as executor, to serve without bond. On the same day testatrix deeded to Sylvester Wilkins and Orville Wilkins 79 acres of land in Lincoln county, reserving 39/79ths of the minerals. On May 3, 1943, in a proceeding instituted by contestant, Nora C. Wilkins was adjudged mentally incompetent, and incapable of managing her property, and contestant was appointed guardian of her person and estate. She died December 23, 1944. After the county court refused to admit the will to probate, it appointed contestant administrator of her estate.

The first ground for reversal urged by contestant is that no appeal was taken from the order of the county court adjudging that Nora C. Wilkins died intestate, and appointing contestant administrator of her estate. He contends that when no appeal was taken from that order it became final and conclusive, citing Sewell v. Christison, 114 Okla. 177, 245 P. 632; Jackson v. Haney, 166 Okla. 13, 25 P. 2d 771, and Micco v. Huser, 185 Okla. 394, 91 P. 2d 1069. He also relies upon Gutensohn v. McQuirt, 194 Okla. 64, 147 P. 2d 779, which holds that when two actions involving the same issues between the same parties are pending at the same time, so that a final judgment in one be res judicata of the other, the judgment first rendered is conclusive, and renders the matter res judicata in the other action.

This contention cannot be sustained. 58 O.S. 1941 §218 provides as follows:

"If, after granting letters of administration on the ground of intestacy, a will of the decedent is duly proved and allowed by the court, the letters of administration must be revoked, and the power of the administrator ceases, and he must render an account of his administration within such time as the court shall direct."

Therefore, if, on appeal the validity of the will is established, the county court must admit it to probate, and revoke the letters of administration. In re Douglas' Estate, 185 Okla. 25, 90 P. 2d 35. The order appointing contestant administrator was made in the same case as that in which probate of the will was denied, and the appointment of contestant was made for the purpose of protecting and preserving the estate pending the determination of the validity of the will. No such situation existed in the cases cited by contestant.

Contestant next contends that the trial court erred in permitting the witnesses Sylvester Wilkins, Orville Wilkins, Vila Belle Alexander, Mildred B. Cox and M. A. Cox to testify in the cause, for the reason that all were incompetent to testify, the first two because they were beneficiaries under the will, and the others because Cox was the attorney who drew the will, and Mrs. Cox and Mrs. Alexander were his wife and secretary, respectively.

We have carefully examined the testimony given by Sylvester Wilkins and Orville Wilkins. Aside from the testimony of Sylvester that the signature to the will was that of testatrix, and the relationship of himself, Orville, and Thomas Wilkins to her, all of which dealt with facts admitted by contestant, his testimony, as well as that of Orville, was concerned with events and conduct in connection with the deed to the 79 acres of land above mentioned. Contestant himself introduced, as a part of his case, testimony given by Sylvester in the county court covering transactions in connection with the deed, and as we view the case it had no bearing

upon the questions involved in the instant case. Contestant does not point out wherein he was prejudiced by the testimony of these witnesses. Therefore, the error, if any, was harmless. Pease v. Golightly, 168 Okla. 582, 35 P. 2d 469.

The objection to the competency of the witnesses Cox, Mrs. Cox, and Mrs. Alexander is that Cox was attorney for Mrs. Wilkins in drafting her will, and therefore was precluded from testifying by the provisions of 12 O.S. 1941, §385, subd. 4, and that his wife and secretary were likewise precluded thereby. Raymer v. Comley Lumber Co., 169 Okla. 576, 38 P. 2d 8; Jayne v. Bateman, 191 Okla. 272, 129 P. 2d 188, and other cases holding that attorneys, and their clerks or employees may not testify to confidential communications by the client are cited and relied upon by contestant.

The cited decisions are inapplicable ·because of factual differences. They do not involve testimony by an attorney, after the death of his client, with reference to the facts and circumstances surrounding the preparation and execution of such client's last will, which he attests as a witness. The general rule is that in such case the attorney may testify. 70 C.J. 424, §567; 28 R.C.L. 550, §141; Jones on Evidence (2d Ed.) vol. 5, p. 4128, §2172.

Our statute was adopted from Kansas, and the courts of that state have consistently held that in such case the attorney may testify. Black v. Funk (Kan.) 143 P. 426; Cunningham v. Cunningham (Kan.) 191 P. 294.

In Black v. Funk, supra, the court said:

"Section 321 of the Code of Civil Procedure (Gen. St. 1909, Sec. 5914), providing that an attorney shall be incompetent to testify concerning communications made to him by his client in that relation, is declaratory of the common law, and does not prohibit an attorney from testifying to the facts relating to the preparation and execution of a will drawn by him, including the information imparted by the testator, in a proceeding to contest the will on the ground of undue influence and fraud."

The reason for the rule is obvious. One who makes a will does so with the knowledge that upon his death it will be published, and that in order to do so the testimony of witnesses as to the facts and circumstances in connection with its preparation and execution may be required in order to establish the fact that it expresses his wishes; that the making thereof was his free and voluntary act, and that he was competent to dispose of his property. He therefore waives the protection of the statute, and impliedly consents that his attorney, who attests the execution thereof, may testify. 28 R.C.L., supra, Jones on Evidence, supra. The same rule would apply to the other attesting witnesses, the wife and secretary of the attorney. The trial court did not err in permitting these witnesses to testify.

Contestant next contends that the evidence fails to establish that Nora C. Wilkins was mentally competent to make the will in question. This is a question of fact. Bilby v. Stewart, 55 Okla. 767, 153 P. 1173. We have carefully examined the evidence contained in the record, including the deposition of Nora C. Wilkins in a case involving the deed to 79 acres above referred to. While her son, the contestant, testified that she had been incapable of handling business since 1924, and his wife, her sister, and one or two other witnesses testified that she was incompetent, the majority of the disinterested witnesses testified that, although she was "slowed down" by age, she knew what she was doing and what she wanted, and that they considered her competent. Her deposition was taken in 1943, and was put in evidence by contestant. Aside from an occasional lapse of memory as to certain past transactions, which is not uncommon to aged persons, her testimony does not indicate mental incapacity. The fact that she willed a portion of her

property to the step-grandsons, who are not blood relatives, is not persuasive of mental incompetency, as the evidence shows that she, as one witness expressed it, "thought lots of her grandsons." She herself testified that she got along "pretty good with the boys."

Careful analysis of the testimony contained in the record convinces us that the finding of the trial court that on the day the will was made the testatrix was of sound and disposing mind and memory is not clearly against the weight of the evidence.

Contestant's last contention is that the will was procured by undue influence. He does not point out any evidence supporting this contention, but asserts that the step-grandsons were closely associated with testatrix, and therefore occupied a confidential relationship with her, and that she was weak minded. This was not sufficient. Peace v. Peace, 149 Okla. 123, 299 P. 451.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, and CORN, JJ., concur.