Earl MARCUS, Individually and as Executor of the Estate of Lillian Marcus, Deceased, Petitioner,

v.

Carmon C. HARRIS, Judge of the District Court of Oklahoma County, Oklahoma, Respondent.

No. 45581.

Supreme Court of Oklahoma.

May 2, 1972.

Foliart, Shepherd, Mills & Niemeyer, Oklahoma City, for petitioner.

McKinney, Stringer & Webster, Oklahoma City, for respondent.

DAVISON, Vice Chief Justice.

This is an original petition for a writ of prohibition against the respondent trial judge who issued an order authorizing the taking of discovery depositions of two lawyers, Bruce Johnson and Randall Mock, in three cases consolidated for trial in the District Court of Oklahoma County: Frank H. Ephraim et al v. Earl Marcus, CJ–71–225; Frank H. Ephraim et al v. Earl Marcus, Executor of the Estate of Lillian Marcus, deceased, CJ–71–227 and Frank H. Ephraim et al v. Earl's Fashions, Inc., CJ–71–226. In each case the plaintiff, an accounting firm, is suing the defendant for the value of services rendered as public accountants. In case No. CJ–71–225 the services were rendered in the preparation of federal income tax returns for the years 1965, 1966, 1967 and 1968, which defendant in his cross petition alleges to have been negligently done with the results that he had to incur the expense of employing lawyers to represent him before the Internal Revenue Service, and paying interest to the United States. In case No. CJ–71–227 the defendant alleges in his cross petition that services were rendered in the preparation of estate tax returns, negligently and based upon erroneous advice, with similar results. Bruce Johnson and Randall Mock were the lawyers employed by defendant in each of the two cases to represent him before the Internal Revenue Service.

■ The petitioner for the writ of prohibition urges that the order authorizing the discovery deposition is, in effect, an order requiring each of the two lawyers to divulge communications between attorney and client that are privileged under 12 O.S. 1961, § 385, which in pertinent parts provides:

"The following persons shall be incompetent to testify:

"4. An attorney, concerning any communications made to him by his client,

in that relation, or his advice thereon, without the client's consent. * * *"

To support his contention petitioner cites Avery v. Nelson, Okl., 455 P.2d 75. The respondent contends on the other hand that the depositions of Randall Mock and Bruce Johnson are permissible forms of discovery and are not precluded by § 385 or Avery v. Nelson because the communications of petitioner, made to Mock and Johnson, were made for the purpose of disclosure to third persons, and were disclosed to third persons, namely the personnel of the Internal Revenue Service.

We stated our understanding of what we were asked to hold in Avery v. Nelson in the first paragraph of our opinion:

"* * * we are asked to hold that where one files a damage suit in which he seeks to recover for certain personal injuries that he thus voluntarily injects his physical condition in the case as an issue and thereby waives the privilege against disclosure of the physician-patient communications, protected by 12 O.S.1961, § 385(6)."

We held that a waiver does not occur under such circumstances. We held, additionally that the privilege is not waived when the injured plaintiff answers questions concerning communications plaintiff had with her doctors at the taking of plaintiff's deposition by defendant. Certainly the privilege conferred by statute to take discovery depositions is subject to the restrictions of § 385.

■ On the other hand we must recognize here that § 385 is but declaratory of the common law, Evans v. State, 5 Okl.Cr. 643, 115 P. 809, 810, 34 L.R.A.,N.S., 577; Black v. Funk, 93 Kan. 60, 143 P. 426, and as such is not to be interpreted as rendering an attorney incompetent to testify concerning every communication between attorney and client. In Parnacher v. Mount, 207 Okl. 275, 248 P.2d 1021, we held that the United States Probate Attorney was competent to testify that Liesiny Walton, a full blood Cherokee Indian, came to him and asked him to write her will, making Houston B. Mount the beneficiary and at the time said Mount had been nice to her. This was some months before she made her will that was contested by her heirs because she willed the property to Mount. The reason for such a rule is obvious. "One who makes a will does so with the knowledge that upon his death it will be published * * *." In re Wilkins' Estate, 199 Okl. 249, 185 P.2d 213, 216[4].

■ No doubt some of the information given Johnson and Mock by Marcus was privileged and some not privileged. We are of the opinion that Ephraim et al would be entitled to know in what manner the tax returns prepared for Marcus were negligently prepared. This information could be elicited from the work performed by Johnson and Mock before the Internal Revenue Service. This information would not be privileged and is perhaps necessary for Ephraim et al to have in preparing their defense against the cross petition. The problems thus presented are considered in Colton v. United States, C.A.2d, 306 F.2d 633, wherein the United States asks for an order from a United States District Court directing an attorney to appear before a special agent of the Internal Revenue Service to testify pertaining to the income liability of his clients, whom he had represented in preparing income tax returns. There appeared to be a wide variety of questions which the revenue agent wished to propound concerning the client's records, the attorney's records, communications between attorney and client pertaining to information to be disclosed and not to be disclosed to the Internal Revenue Service and the nature, commencement and extent of the attorney's employment. Although the Court of Appeals observed that in federal income tax investigations, the question of privilege is a matter of federal law, this observation did not mean that what is permissible and what is impermissible are not inquiries that pertain to the attorney-client privilege under both federal and state law. Accordingly in the area of information under review the District Court marked out what questions were permissible and what

**1180**

were impermissible. In this connection the Court of Appeals in affirming the order of the District Court observed: "Not all communications between an attorney and his client are privileged. Particularly in the case of an attorney preparing a tax return. * * * a good deal of information transmitted to an attorney by a client is not intended to be confidential, but rather is given for transmittal by the attorney's to others—for example, for inclusion in the tax return. Such information is of course, not privileged."

We do not say that permissible and impermissible communications under the attorney-client privilege in the case before us fall into the same classifications as they did in Colton v. United States.

We do say that the order of the respondent, District Judge, authorizing the discovery depositions of Bruce Johnson and Randall Mock did not confer the right to ask or elicit from Johnson and Mock privileged communications and that Johnson and Mock may each, sua sponte, or upon suggestion of counsel, during the giving of his deposition, for an appropriately stated reason, refuse to divulge any communication he deems protected by the attorney-client privilege. Moreover we know of no procedural objection to a presentation to the trial judge for his ruling, a list of proposed questions, not designed to prohibit other appropriate questions at the time the depositions are taken.

It was suggested during oral argument that 26 U.S.C.A. § 7213, made communications intended for disclosure to the Internal Revenue Service privileged communications under 12 O.S.1971, § 385, for the reason that § 7213 makes it "unlawful for any officer or employee of the United States to divulge or to make known in any manner whatever not provided by law, to any person the amount or source of income, profits, losses, expenditures, or any particular thereof, set forth or disclosed in any income tax return. * * *" We cannot see how 26 U.S.C.A., § 7213, operates to make communications privileged otherwise non privileged under 12 O.S.1971, § 385.

Application for a writ of prohibition denied.

BERRY, C. J., and JACKSON, LAVENDER and BARNES, JJ., concur.

McINERNEY, J., concurs in result.

WILLIAMS, IRWIN and HODGES, JJ., dissent.