## SEWELL v. CHRISTISON, Co. Judge.

No. 17247—Opinion Filed March 30, 1926.

(Syllabus.)

**1. Courts—Venue—Jurisdiction of Estate of Decedent in County of Residence.**

By the provisions of section 1088, Comp. Stat. 1921, upon the death of a resident of this state, his will must be proved, and letters testamentary or of administration issued in the county of which the decedent was a resident at the time of his death, in whatever place he may have died.

**2. Same—Finding of County Court as to Domicile of Deceased not Subject to Collateral Attack.**

To grant letters on the estate of a deceased person, who was a resident of this state, the county court must find as a fact, and thus judicially determine, that the deceased had his domicile in the county over which the jurisdiction of the court extends, and this finding and letters testamentary or of administration issued thereunder are unimpeachable collaterally, on the ground that the decedent was not a resident of said county.

**3. Same—Exclusive Jurisdiction of County Court Making Finding.**

Where the county court of one county has found as a fact, and thus judicially determined, that the deceased was at the time of his death a resident of that county, and has duly issued letters of administration of the estate of the deceased, the jurisdiction thus acquired is exclusive and such letters of administration are a bar to administration proceedings in another county court of the state.

**4. Prohibition—Prevention of County Court from Interfering with Due Administration of Estate in Another County.**

Prohibition is the remedy afforded to correct encroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law, and where the county court of one county has exclusive jurisdiction of the administration of an estate, the writ of prohibition will issue to prevent another county court from assuming jurisdiction to administer the same estate.

Original Action in Supreme Court.

Application for writ of prohibition by John Sewell against C. C. Christison, County Judge of Oklahoma County, to prohibit said county judge from proceeding to administer on the estate of Martin V. Sewell, deceased. Writ issued.

Morgan, Osmond & Morgan, for relator.

Richard A. Billups, for respondent.

NICHOLSON, C. J. Martin V. Sewell died on February 7, 1926, in Caddo county; on February 9, 1926, John Sewell, Martin Sevell, and D. Sewell filed in the county court of Caddo county their petition praying for the appointment of John Sewell as administrator of the estate of said Martin V. Sewell, deceased. In this petition it was alleged that said Martin V. Sewell died intestate, in Caddo county, of which county he was a resident, and that the petitioners were the sole heirs at law of said deceased, and that John Sewell was the oldest son of the deceased and entitled to such appointment.

On said 9th day of February, 1926, the county court of Caddo county made its order appointing John Sewell administrator, who duly qualified as such by giving bond and taking oath as required by law and the order of the court, and letters of administration were duly issued to him.

On the same day, Minnie Lyons and Laura Porter filed in the county court of Oklahoma county their petition to probate an alleged lost, misplaced, or destroyed will of said deceased. Upon receiving notice of the filing of this petition, John Sewell, Martin Sewell, and D. Sewell filed objections to the probate of said will, on the ground that said court was without jurisdiction to entertain the petition filed or to proceed further in said matter because the county court of Caddo county had assumed jurisdiction of said cause and had appointed the relator herein administrator of said estate. This objection was overruled, and John Sewell is here asking that a writ of prohibition be issued directed to the Honorable C. C. Christison, county judge of Oklahoma county, commanding him to desist and refrain from exercising further jurisdiction in said cause.

The venue of this action is fixed by section 1088, Comp. Stat. 1921, which provides:

"Wills must be proved, and letters testamentary or of administration granted: First, in the county of which the decedent was a resident at the time of his death, in whatever place he may have died"

—and the controversy here presented arises primarily over the question of the residence of the decedent at the time of his death.

The situation here presented is unusual in that the petitions were filed in both courts on the same day; therefore, both actions are now pending, seeking the same relief. A case is presented not unlike that treated in Freeman on Judgments, vol. 2, sec. 719, where it is said:

"Where two actions involving the same issue or issues, between the same parties or their privies, are pending at the same time, so that a final judgment in one would be res judicata or a bar in the other, when the judgment in one becomes final it may be urged in the other by appropriate proceedings, regardless of which action was begun first. It is the first final judgment, although it may be in the second suit, that renders the matter res judicata in the other suit."

The county court of Caddo county appointed the relator administrator without notice, on the day the petition was filed, and this was authorized by section 1147, Comp. Stat. 1921, inasmuch as the relator was a person entitled under the law to such appointment,

and the other parties entitled thereto joined in the petition for his appointment. The county court of Oklahoma county has not proceeded to a final determination of the matter by admitting the proposed will to probate, but has held that it has jurisdiction of the cause, and has set the same for hearing on the petition to probate the will. Hence, if the rule announced in Freeman on Judgments, supra, is applicable, and we think it is, the judgment of the county court of Caddo county is a bar to any judgment which might be rendered by the county court of Oklahoma county, provided, of course, that the Caddo county court had jurisdiction to render the judgment, and whether such court had jurisdiction depends upon the fact of the residence of the decedent at the time of his death.

It was alleged in the petition for the appointment of the relator that the decedent was, at the time of his death, a resident of Caddo county, and the county court of that county, of necessity, found as a fact and judicially determined that this was true. While the courts of this country are not in harmony on the question, the great weight of authority is that, to grant letters on the estate of a deceased person, the probate court must find as a fact, and thus judicially determine, that the deceased had his domicile in the county, or territory, over which the jurisdiction of the court extends, and that this finding and letters testamentary or of administration issued thereunder are unimpeachable collaterally on this ground. Woerner's American Law of Administration (3rd Ed.) page 672, and cases cited; Freeman on Judgments (5th Ed.) sec. 810; see, also, In re Kladivo's Estate (Iowa) 176 N. W. 262; Beasley et al. v. Howell, Adm'r., 117 Ala. 499; In re Griffith's Estate (Cal.) 23 Pac. 528, 24 Pac. 381

We are in accord with this doctrine, and accordingly hold that the county court of Caddo county having determined the jurisdictional facts in favor of its jurisdiction, and having rendered its judgment, such judgment is conclusive, unless avoided in a direct proceeding, and that the county court of Oklahoma county is not at liberty to disregard such judgment.

The position of the respondent is clearly disclosed by his response wherein he says:

"Your respondent states that it is his bounden duty as a judge of the county court of Oklahoma county, Okla., to examine into the residence of M. V. Sewell, deceased, and as to whether he left a will unrevoked, and that for this purpose the jurisdiction of the county court of Oklahoma is exclusive, and

if this respondent should determine from the evidence that at the time of the death of M. V. Sewell he was a resident of Oklahoma county, Okla., and left a last will and testament, unrevoked, the county court of any other county in this state could not exercise or assume jurisdiction and administer upon the estate of a resident of Oklahoma county, and any pretended administration in any other county would fall and be of no force and effect, and the action of your respondent in determining his jurisdiction in this case would not be a collateral attack upon the judgment of the county court of Caddo county, but would be the only means by which the last will and testament of M. V. Sewell, deceased, could be established if, in fact, he was a resident of Oklahoma county, and the county court of Caddo county would be without jurisdiction, to entertain a proceeding for the establishment of a last will and testament of a resident of Oklahoma county, Okla."

From this it is apparent that respondent has lost sight of the fact that the very question he proposes to determine, viz., the question of the residence of the deceased, has already been determined by the county court of Caddo county, a court of concurrent jurisdiction, and that it is not within his province to vacate or ignore the judgment of that court.

It is obvious that both courts cannot administer the estate at the same time. One must yield its jurisdiction, otherwise the conflict of jurisdiction between them will become intolerable. Inasmuch as the judgment of the county court of Caddo county is conclusive, until vacated in a direct proceeding, and is a bar to administration in the county court of Oklahoma county, and as prohibition is the remedy afforded to correct encroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law (State ex rel. Wesley v. Carr, County Judge, et al., No. 17194, 114 Okla. 121, 244 Pac. 436), we conclude that the county court of Oklahoma county should be prohibited from proceeding further in said matter.

Let the writ issue.

All the Justices concur, except BRANSON, V. C. J., and RILEY, J., not participating.

Note.—See under (1) 23 C. J. p. 1010 § 34. (2) 15 C. J. p. 1021 § 442; 23 C. J. p. 1064 § 173; p. 1089 § 247. (3) 23 C. J. p. 1089 § 247. (4) 32 Cyc. pp. 604, 607, 609 (Anno).