### POWERS v. BROWN, Judge.

No 17424—Opinion Filed July 27, 1926.

Rehearing Denied Oct. 19, 1926.

(Syllabus.)

1. **Guardian and Ward—Exclusive Jurisdiction of County Court Appointing Guardian.**

Where the county court of one county has found as a fact and there judicially determined the jurisdictional facts necessary to proceedings in the appointment of a guardian of the person and estate of minors and has by order appointed a guardian for such minors, the jurisdiction thus acquired is exclusive and such an order appointing such guardian is a bar to guardianship proceedings in another county court of this state.

2. **Same—Collateral Attack on Proceedings.**

The county court of Latimer county in guardianship proceedings having found the necessary jurisdictional facts and having issued letters of guardianship, such guardianship proceedings are not subject to a collateral attack unless the proceedings are void upon their face.

3. **Judgment—"Collateral Attack."**

A collateral attack on a judgment or judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner other than by appeal, writ of error, certiorari, or motion for a new trial, or by proper action in equity.

4. **Courts—Probate Jurisdiction of County Court—Judgment—Presumptions.**

The county court in the exercise of its probate jurisdiction is a court of general jurisdiction, and its judgments and proceedings are entitled to like presumptions accorded to that of the district court.

5. **Guardian and Ward—Appointment of Guardian for Minor Over 14 Years Old—When Citation Upon Minor not Mandatory.**

Section 1435, Compiled Oklahoma Statutes, 1921, does not make mandatory the issuance

of a citation by the judge upon a minor over 14 years of age, where such minor has nominated a guardian a.terward appointed by the court, or where such minor has waived the right to nominate the guardian.

**6. Same—Appointment of Guardian as Importing Jurisdiction.**

The appointment of a guardian for minors by a county court imports jurisdiction in the court so to do, and it will be inferred from the fact that such an appointment was made that all the facts necessary to vest the court with jurisdiction to make the appointment had been found to exist before the same was made.

Original action for writ of prohibition, by W. H. Powers. Sr., against S. F. Brown, County Judge of Pittsburg County. ' Writ granted.

Monk & McSherry and Briggs & Kyle, for petitioner.

E. C. Marianelli, for respondent.

RILEY, J. This is an original action filed in this court wherein application is made for a writ of prohibition against the respondent as county judge of Pittsburg county, seeking to prohibit further action by the Pittsburg county court in a guardianship proceeding, No. 3060, in said court. Mary Catherine Dailey, age 16. John Bertman Dailey, age 7. and Patrick Dailey, age 4, are the minors involved in this controversy. On March 24, 1926, the petitioner herein filed a petition for letters of guardianship in Latimer county court. One day thereafter a like petition for letters of guardianship was filed in Pittsburg county court by Catherine Caswell. On April 2nd, following. the Latimer county court appointed the petitioner as guardian of the person and estate of said minors. On April 13th, the Pittsburg county court, after having continued hearing from the date of April 1st to April 8th, and after taking the matter under advisement, appointed Catherine Caswell as such guardian for said minors.

The Latimer county court having first proceeded to final judgment, that determination is res judicata as to the jurisdictional facts necessary to proceedings in the appointment of a guardian in Pittsburg county. The jurisdiction acquired in Latimer county is exclusive and a bar to like guardianship proceeding in all other counties of the state (Sewell v. Christison, County Judge, 114 Okla. 177, 245 Pac. 632), unless it can be said that the judgment and decree in the Latimer county court is wholly void.

The proceedings in the Pittsburg county court are a collateral attack on the judgment of the Latimer county court.

"A collateral attack on a judgment or judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner other than by appeal, writ of error, certiorari, or motion for a new trial, or by proper action in equity." Ross v. Breene, 88 Okla. 37, 211 Pac. 417.

It is contended by respondent that the judgment roll of Latimer county does not affirmatively disclose a compliance with section 1435, Compiled Oklahoma Statutes, 1921, in that one of the minors being over 14 years of age, it does not appear that she nominated the guardian appointed, or waived her right so to do. Section 1435, supra, is as follows:

"If the guardian nominated by the minor be not approved by the judge, or if the minor, resides out of the state, or if, after being duly cited by the judge, he neglects for ten days to nominate a suitable person, the judge may nominate and appoint the guardian, in the same manner as if the minor was under the age of 14 years."

It is further said by respondent: "Moreover, if our recollection serves us right, as we examined the records and exhibits on file herein. it does not show any proof of service of the posting of notices, either for ten days or for nine days." In answer to this, so that it may be eliminated post haste, permit us to say here and now that we do not desire to comment upon the recollection of respondent, or his attorneys, who no doubt acted for him, but suggest that they not rely upon their recollection. The exhibit is before us. They had the same access to it that we have. It shows proof of the service mentioned, properly sworn to before L. B. Kyle. We are entitled to have facts before us, not guesses based upon recollections.

It is contended that the Latimer county court ordered ten days' notice given, but that the appointment was actually made on the 9th day. For these reasons it is urged that the judgment of the court. of Latimer county is. wholly void, and being so, the same may be attacked collaterally.

The county court in the exercise of its probate jurisdiction is a court of general jurisdiction, and its judgments and proceedings are entitled to like presumptions accorded to those of the district court. Holmes v. Holmes. 27 Okla. 140, 111 Pac. 220, 30 L. R. A. (N. S.) 920; Baker v. Cureton, 49 Okla. 15, 150 Pac. 1090; Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184: Moffer v. Jones, 67 Okla. 171, 169 Pac. 652.

The attack being. collateral, the only question is whether the court of Latimer county had jurisdiction of said proceedings and

the power therein to make the appointment of the petitioner as guardian.

What presumptions must we indulge in order to decide the jurisdictional facts necessary to clothe the Latimer court with power to act?

As to premature action in appointment of the guardian, a nunc pro tunc order is contained in the exhibits showing a correction of the order for ten days' notice, making the same to read eight days—the actual date of hearing being contained in said notice as the "2nd day of April, 1926." No presumption need be entertained as to this posted notice.

In Asher v. Yorba et al. (Cal.) 58 Pac. 137, it was held that notice for nine days preceding the hearing was sufficient and that the mistake of the court in directing an impossible period of notice was immaterial in view of the court's discretion under the statute. This was cited and approved by this court in Lester et al. v. Smith et al., 83 Okla. 143, 200 Pac. 780.

There remains but one contention, and that is that the proceedings were in contravention of section 1435, supra, in that the minor, Mary Catherine Dailey, being over 14 years of age, was not served with notice as required by said section 1435, supra, and that she did not nominate the petitioner as guardian or waive that right.

It is clear that notice of ten days as required by section 1435, supra, was not served, for the appointment was made on the ninth day. Section 1435, supra, does not make mandatory the issuance of a citation by the judge upon a minor over 14 years of age where such minor has nominated a guardian afterward appointed by the court, or where such minor has waived the right to nominate the guardian. Did she nominate her guardian or waive her right? The statute does not require a written waiver. The presumption necessary to be indulged is that the said minor nominated the guardian appointed or waived that right.

In Hathaway et al. v. Hoffman et al., 53 Okla. 72, 153 Pac. 184, it is said:

"The appointment of a guardian for minors by a county court imports jurisdiction in the court so to do, and it will be inferred from the fact that such an appointment was made that all the facts necessary to vest the court with jurisdiction to make the appointment had been found to exist before the same was made."

The records of the county court being silent as to notice to the minor over 14 years

of age, and silent as to said minor's nomination of her guardian, or an actual waiver of that right, it is to be presumed, in aid of the jurisdiction to make the appointment, that the court before making the appointment found the fact of a nomination by said minor or a waiver of that right in person.

In Greer et al. v. McNeal et al., 11 Okla. 519, 69 Pac. 891, this court said:

"It is not necessary that in proceedings properly before the probate court and within its jurisdiction its judgment shall contain a recitation of the facts upon which the jurisdiction of the court depends. A final judgment of the probate court imports jurisdiction, and it will be inferred from the fact that such a judgment was rendered that all the facts necessary to its proper rendition had been found to exist before the judgment was rendered."

We, therefore, hold that the proceedings in the Latimer county court are not void upon their face as contended. The writ of prohibition is hereby directed to issue to the respondent.

NICHOLSON, C. J., and HARRISON, MASON, and PHELPS, JJ., concur.

Note.—See under (1) 28 C. J. p. 1094 §108. (2) 28 C. J. p. 1095 §108. (3) 34 C. J. p. 521 §827. (4) 15 C. J. p. 1021 §442. (5) 28 C. J. p. 1083 §62. (6) 28 C. J. p. 1095 §108.