## WOODRUFF v. FIRESTONE, County Judge.

No. 28496.    May 3, 1938.

Whitten & Whitten and Louis V. Woodruff, for petitioner.

V. D. Firestone, pro se.

BAYLESS, V. C. J.    John Vohs died on March 22, 1938, in Oklahoma county. On that date his daughter, Rose Mary Woodruff, filed in the county court of Oklahoma county a petition wherein she alleged that at the time of his death the said John Vohs was a resident of Oklahoma county, and prayed that she be appointed administratrix of his estate.

On March 24, 1938, Lawrence C. Vohs, a son of the said John Vohs, filed a petition in the county court of Kingfisher county, in which he alleged that the decedent, John Vohs, was a resident of Kingfisher county at the time of his death, and prayed for letters of administration on the decedent's estate to be issued to R. A. Frakes.

The county court of Oklahoma county, on March 28, 1938, after hearing had on the aforementioned petition of Rose Mary Woodruff, found John Vohs to have been at the time of his death a resident of Oklahoma county, and ordered and adjudged for Rose Mary Woodruff to be appointed administratrix of the estate of said decedent. And on that date letters of administration accordingly were issued to Rose Mary Woodruff. It is stated in the briefs that from the finding and the action of that court in appointing an administratrix, the aforenamed Lawrence C. Vohs perfected an appeal to the district court of Oklahoma county.

The aforementioned petition filed in the county court of Kingfisher county by Lawrence C. Vohs was by that court set for hearing to be held April 1, 1938. And on March 29, 1938, Rose Mary Woodruff filed in said court her motion going to the jurisdiction of that court to entertain or act upon the matters addressed to it in said petition of Lawrence C. Vohs. To her motion there was attached and made a part thereof certified copies of the petition which she had filed in the county court of Oklahoma county, and of the order therein appointing her administratrix of the estate of the decedent and the letters of administration issued thereon. Said court thereupon ordered that this motion be also set for hear-

ing on April 1st, but by agreement, further proceedings therein are being held in abeyance pending our decision on the application of Rose Mary Woodruff for a writ prohibiting further proceedings in the premises by the county court of Kingfisher county.

We are of the opinion that the application for the writ should be granted. In Sewell v. Christison, County Judge, 114 Okla. 177, 245 P. 632, it was held that,

"Where the county court of one county has found as a fact, and thus judicially determined, that the deceased was at the time of his death a resident of that county, and has duly issued letters of administration of the estate of the deceased, the jurisdiction thus acquired is exclusive and such letters of administration are a bar to administration proceedings in another county court of the state."

In the opinion, it was said:

"* * * It is apparent that respondent has lost sight of the fact that the very question he proposes to determine, viz., the question of the residence of the deceased, has already been determined by the county court of Caddo county, a court of concurrent jurisdiction, and that it is not within his province to vacate or ignore the judgment of that court."

"It is obvious that both courts cannot administer the estate at the same time. One must yield its jurisdiction, otherwise the conflict of jurisdiction between them will become intolerable. Inasmuch as the judgment of the county court of Caddo county is conclusive, until vacated in a direct proceeding, and is a bar to administration in the county court of Oklahoma county, and as prohibition is the remedy afforded to correct encroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law (State ex rel. Wesley v. Carr, County Judge, et al., 114 Okla. 121, 244 P. 436), we conclude that the county court of Oklahoma county should be prohibited from proceeding further in said matter."

See, also, Powers v. Brown, 122 Okla. 40, 252 P. 27, and Jackson v. Haney, 166 Okla. 13, 25 P.2d, 771.

Therefore, let the writ issue.

RILEY, PHELPS, GIBSON, and HURST, JJ., concur.