MERRELL et al. v. UNITED STATES et al.

No. 2785.

Circuit Court of Appeals, Tenth Circuit.

Jan. 31, 1944.

Alfred Stevenson, of Holdenville, Okl. (John Rogers, of Tulsa, Okl., W. T. Anglin and O. S. Huser, both of Holdenville, Okl., and J. Hugh Nolen, of Okemah, Okl., on the brief), for appellants.

John C. Harrington, of Washington, D.C. (Norman M. Littell, of Washington, D.C., Whit Y. Mauzy and Joe W. Howard, both of Tulsa, Okl., and Norman MacDonald of Washington, D.C., on the brief), for appellees.

M. S. Robertson, of Muskogee, Okl., for Andy Hulwa, heir.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The ultimate question presented by this appeal is whether the Federal District Court acquired jurisdiction to administer the estate of a restricted Indian, member of the Five Civilized Tribes, upon removal of the administrative proceedings from the County Court of Tulsa County, Oklahoma, under the provisions of Section 3 of the Act of April 12, 1926, 44 Stat. 239, 240.[1] Preliminary thereto is the standing or authority of appellants to raise the question,

[1] Section 3, among other things, provides that where notice is served upon the Superintendent of the Five Civilized Tribes, the United States may remove from the state court in Oklahoma to the appropriate United States District Court, any suit to which a restricted member of the Five Civilized Tribes is a party, and claims, or is entitled to claim title to or an interest in lands allotted to a citizen of the Five Civilized Tribes, or the proceeds, issues, rents, and profits derived therefrom. Upon removal in the manner provided, the cause shall proceed as if it had been originally commenced in the Federal District Court.

and the answer depends on whether the appointment of appellants as administrators of the estate of the restricted Indian by the County Court of Okfuskee County, Oklahoma, is void upon its face and subject to collateral attack. The trial court held the Okfuskee County appointment void on its face, and sustained Federal jurisdiction to administer the estate of the restricted Indian upon removal of the proceedings from the Tulsa County Court. The Okfuskee County administrators have appealed.

On May 26, 1942, Peter Micco, a full blood restricted Indian, died intestate in Okfuskee County, Oklahoma. He was seized of both real and personal property having an aggregate value of more than $400,000, most of which was restricted funds in the custody of the Secretary of the Interior. Decedent was survived by no wife, child, or parent, and left as his sole and only heirs the following next of kin: Haney Micco Larney, incompetent, sister, whose guardian was Perry Chisholm; Katie May Clark and Juanita Clark, nieces, minors, whose guardian was also Perry Chisholm; Andy Hulwa, sometimes known as Andy High, nephew, competent; and Sallie Little, Serena Spencer, and Norman Ripley, nieces, minors, whose guardian was E. F. O'Neal.

On the date of decedent's death (May 26, 1942), petitions for letters of administration were filed in both the county courts of Tulsa and Okfuskee Counties. The petition in Tulsa County was filed by M. S. Robertson, Probate Attorney for the Superintendent of the Five Civilized Tribes. It alleged the death of Peter Micco at Okemah, Okfuskee County, Oklahoma, and his residence in Tulsa County; the character and value of his property; his intestacy, his heirs at law, and nominated and requested the appointment of N. B. Day, former guardian of the decedent (see Micco v. Huser, 185 Okl. 394, 91 P. 2d 1069), as administrator of the Estate. The matter was set for hearing on June 6, 1942, and notice was ordered and given, all as provided by the applicable Oklahoma statutes. 58 O.S.A. § 128. Notice was also given to the Superintendent of the Five Civilized Tribes in accordance with the Federal law. Sec. 3, Act of April 12, 1926. Two days later, and on May 28, 1942, Perry Chisholm, as guardian for Haney Micco Larney, Katie May Clark, and Juanita Clark, heirs at law and next of kin, joined in the petition of the United States Probate Attorney, and prayed that letters of administration be issued to N. B. Day in accordance with the original petition. On the following June 4th, the United States Attorney, acting in pursuance of the notice to the Superintendent of the Five Civilized Tribes, removed the proceedings from the Tulsa County Court to the United States District Court for the Northern District of Oklahoma in accordance with Section 3 of the Act of April 12, 1926.

The petitioner for letters of administration in the Okfuskee County Court, filed May 26, 1942, was Howard Cummings, who was neither kin nor creditor of the decedent. The petition alleged the decedent's death in Okfuskee County and his residence there. It further alleged the character and value of the estate, the intestacy of decedents, and heirs at law; that although the petitioner was not related to decedent, the heirs were full blood Indians and not eligible for appointment; that the petitioner was interested in the administration of the estate, and requested that L. F. Merrell be appointed administrator. The petition prayed that the matter be set for hearing and notice thereof given according to law. The Okfuskee County Court set the matter for hearing on June 8, 1942, and ordered statutory notices of the hearing given to the heirs at law. On the following June 3rd, Cummings filed an amendment to his original petition for letters of administration, in which it was alleged that all persons related to Peter Micco who, under the statute of the State of Oklahoma, had prior rights of appointment as administrator, were full blood Indians adjudged incompetent, and hence ineligible to serve as administrator of the Estate. Specifically, it was alleged that Andy Hulwa, one of the heirs, was a full blood Indian of the half blood relation, and unversed in the affairs of business, therefore incompetent to serve as administrator of the Estate. It was then alleged that by reason thereof, no person with preferential rights to the appointment of administrator under the laws of Oklahoma was eligible for the appointment, and consequently "no notice to any such persons is necessary for the appointment of an administrator"; that there was "immediate necessity for the appointment of an administrator for the reason that other persons whose true intent cannot be known are attempting to usurp

the jurisdiction of this court * * * by seeking the appointment of an administrator in other counties of the state, all of which is highly detrimental to the Estate of Peter Micco, and not to the best interest of any of the heirs." The petition prayed for the appointment of an administrator, and the issuance of letters of administration instanter without further notice.

On the next day, June 4th, M. S. Robertson, United States Probate Attorney, and Perry Chisholm, as guardian of his next of kin wards, filed a motion to dismiss the Okfuskee County administration proceedings on the ground that the court was without jurisdiction to hear and determine the petition because the decedent was at the time of his death a legal resident of Tulsa County, as evidenced by an order of the County Court of that County dated January 16, 1942, which directed the guardian of Peter Micco to establish a suitable place of abode for Micco within Tulsa County, where the said Micco "shall reside," a copy of which order was attached to the motion and made a part thereof. The second ground of the motion to dismiss was that neither the petitioner for the letters of administration, nor his nominee for administrator, were related to the decedent or creditors of the Estate, and had no legal right to nominate or be appointed by the Okfuskee County Court.

On the same date, June 4th, without notice of any kind to any one, the County Court of Okfuskee County proceeded to hear the original petition of Howard Cummings for letters of administration as amended, and to appoint the administrators who are the appellants here. According to the "Order Appointing Administrators," Cummings and his attorney appeared at the hearing, and moved to amend the petition to request that E. F. O'Neal, guardian of Sallie Little, Serena Spencer and Norman Ripley, and Perry Chisholm, guardian of Haney Micco Larney, Katie May Clark and Juanita Clark, be appointed co-administrators with L. F. Merrell. Leave was granted to so amend, whereupon the petitioner, through his attorneys, announced to the court that the persons whom the petitioner sought to have appointed as co-administrators of the Estate, were persons having a prior right to the said appointment. The court "being satisfied" there were no other persons having a prior right of appointment, held that further notice was unnecessary, and ordered the petition as amended heard instanter. The order of May 26th, setting the original petition for hearing on June 8, 1942, was vacated and set aside, and the court proceeded to hear testimony pursuant to which it found that Peter Micco died intestate on May 26, 1942, in Okfuskee County, Oklahoma, while a bona fide resident of that County and State; that his heirs and next of kin are: Haney Micco Larney, adult incompetent sister, Sallie Little, Serena Spencer, Norman Ripley, Katie May Clark, and Juanita Clark, minors, and Andy Hulwa, a nephew of the half blood. The court found that Andy Hulwa did not have equal right to the appointment of administrator, and that E. F. O'Neal and Perry Chisholm, as guardians of their wards, were persons having a prior right to act as administrators of the Estate; that by reason thereof, no formal notice was necessary. The court then appointed O'Neal, Chisholm, and Merrell administrators, and fixed their bonds. Merrell and O'Neal qualified; Chisholm not only failed to qualify, but contested the jurisdiction of the court over the Estate.

After removal of the administrative proceedings from the Tulsa County Court to the Federal Court, and on June 12, 1942, Andy Hulwa entered his appearance in the proceedings in the United States District Court, waived service of notice, and authorized the court to hear the matter of the appointment of the administrator at any convenient time. On the same date, E. F. O'Neal, as guardian of his next of kin wards, joined in the petition for the appointment of N. B. Day as administrator, waived further notice, and asked that the cause be heard at any convenient time. Thereafter and on June 19, 1942, the matter came on for hearing on the petition of Robertson, United States Probate Attorney, and according to the order of the court, Chisholm appeared as guardian of his wards, O'Neal for his wards, Andy Hulwa in person, and the United States by the United States Attorney. Upon a hearing of the cause, the court found that Peter Micco died on May 26, 1942, a legal resident of Tulsa County; that he was a full blood Indian, and the United States was therefore a proper party. The court further found that the petitioners then appearing in court constituted all the heirs and next of kin of Peter Micco, and therefore no further notice was required by law, and that an administrator of the Estate of decedent should be appointed forthwith. According-

ly, N. B. Day and G. Ellis Gable of Tulsa County were appointed administrators of the Estate, effective upon the execution and approval of bond as provided by law. The appointees qualified, and have ever since assumed to act as administrators of the Estate by appointment of the Federal Court.

On the following September 25th, Merrell and O'Neal filed in the Federal Court an application to set aside its order appointing administrators on two grounds. First, that Peter Micco died a resident of Okfuskee County, and that the County Court of Okfuskee County had appointed administrators of the Estate prior to the date on which the Tulsa County proceedings were removed to the Federal Court, and the Okfuskee County Court having taken jurisdiction of the cause, and having appointed administrators, had prior and exclusive jurisdiction to administer the Estate. Second, jurisdiction of the Federal Court to probate the Estate, or to appoint administrators was directly challenged on the grounds that no such jurisdiction obtained in Federal Court, and its judgment was therefore void and without force and effect. The trial court overruled the motion, and this appeal followed.

■ It is conceded that the Federal court acquired no greater jurisdiction than the Tulsa County Court possessed when the case was removed, and it is also admitted that the Okfuskee County Court first attempted to exercise jurisdiction by appointing an administrator of the Estate. It follows, therefore, that the Okfuskee County Court having first exercised jurisdiction, its judgment is exclusive of Federal jurisdiction, and not subject to collateral attack unless, of course, the absence of jurisdiction over the subject matter, or lack of power to render judgment, affirmatively appears from the face of the proceedings. Sewell v. Christison, 114 Okl. 177, 245 P. 632; In re Green's Estate, 114 Okl. 283, 251 P. 1008; Appeal of Sims' Estate, 162 Okl. 35, 18 P.2d 1077, 1083; Silmon v. Rahhal, 178 Okl. 244, 62 P.2d 501, 503; Woodruff v. Firestone, 182 Okl. 606, 79 P.2d 210. Cf. Powers v. Brown, 122 Okl. 40, 252 P. 27; Micco v. Huser, 185 Okl. 394, 91 P.2d 1069.

■ The probate jurisdiction of the Okfuskee County Court is conferred by the Constitution and applicable statutes of Oklahoma, and must be exercised "in the manner prescribed by statute," and not otherwise. Art. 7, Sec. 13, Oklahoma Constitution; 58 O.S.A. §§ 1-7; In re Johnson, 72 Okl. 174, 179 P. 605; Ozark Oil Co. v. Berryhill, 43 Okl. 523, 143 P. 173; Carter v. Frahm, 31 S.D. 379, 141 N.W. 370; Oakes Oklahoma Probate Practice, Secs. 6 and 12; Bancroft's Probate Practice, Sec. 31. The residence of Peter Micco in Okfuskee County at the time of his death is prerequisite to the exercise of probate jurisdiction by the County Court of that County over his Estate. 58 O.S.A. § 5; Sewell v. Christison, supra; In re Davis' Estate, 171 Okl. 575, 43 P.2d 115; Woodruff v. Firestone, supra; Griffin v. Hannan, 185 Okl. 433, 93 P.2d 1078. However, residence is presumed when the judgment based thereon is attacked because of its absence, and a recital of it in the judgment is conclusive and cannot be collaterally attacked, unless the contrary appears upon the face of the record which supports the judgment. 58 O.S.A. § 2; Wolf v. Gills, 96 Okl. 6, 219 P. 350; Sewell v. Christison, supra; Woodruff v. Firestone, supra; Freeman on Judgments, 5th Ed., Sec. 351 and 379; Bancroft's Probate Practice, Vol. 1, Sec. 36.

■ The jurisdiction of the Okfuskee County Court was invoked by the filing of a petition for letters of administration, in which it was alleged that the decedent, Peter Micco, died in Okfuskee County while a resident of that County. It also alleged his intestacy, his heirs, the general character and value of his property, and requested the appointment of an administrator. The court entertained the petition by fixing a date for the hearing of the same and by ordering notice thereof given according to law. Admittedly, the notice was not given to the known heirs and next of kin as ordered, but, before the date originally set for the hearing of the petition, it was amended to allege that notice was unnecessary under the statute because of facts set forth in the amendment. When the matter came on for hearing, the trial court recited the facts upon which it held that further notice was unnecessary, and upon this finding proceeded to hear and determine the subject matter of the petition. Among other things, the court specifically found and concluded that Peter Micco died in Okfuskee County, while a resident of that County, thereby adjudicating the factum of the decedent's residence, and its jurisdiction based thereon. See Freeman on Judgments, 5th Ed. Vol. 1,

Sec. 350, 351; Bancroft's Probate Practice, Vol. 1, Sec. 36. And the adjudication is invulnerable to collateral attack in a Federal court exercising concurrent jurisdiction, unless from the face of the record it plainly appears that the adjudication was wholly unauthorized by the statute which conferred jurisdiction. Blackwell v. McCall, 54 Okl. 96, 153 P. 815; Roth v. Union Nat. Bank of Bartlesville, 58 Okl. 604, 160 P. 505; Winona Oil Co. v. Barnes, 83 Okl. 248, 200 P. 981; Ward v. Cook, 152 Okl. 234, 3 P.2d 728; Reliance Clay Products Co. v. Rooney, 157 Okl. 24, 10 P.2d 414; Tippins v. Turben, 162 Okl. 136, 19 P.2d 605; Cochran v. Norris, 175 Okl. 126, 51 P.2d 736; Fitzsimmons v. City of Oklahoma City, Okl. Sup., 135 P.2d 340; Freeman on Judgments, 5th Ed., Vol. 1, Sec. 382. Cf. Overby v. Gordon, 177 U.S. 214, 20 S.Ct. 603, 44 L.Ed. 741; Riley v. New York Trust Co., 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885; Dunsmuir v. Scott, 9 Cir., 217 F. 200; Lambert v. Central Bank of Oakland, 9 Cir., 85 F.2d 954, 957.

It is urged however, that the general rule of conclusiveness does not apply here because the Okfuskee County Court determined the factum of the decedent's residence in the face of an order of the County Court of Tulsa County establishing the residence of the decedent there, and this order conclusively proves that decedent's residence was in Tulsa County at the time of his death, and therefore the findings of the Okfuskee County Court on the vital question of residence are impeached on the face of the record on which the adjudication was made.

■■ The record does show that when on June 4, 1942, the Okfuskee County Court adjudicated the factum of decedent's residence, there was on file in that proceedings, a motion to dismiss on the ground that the decedent was a resident of Tulsa County at the time of his death as evidenced by an attached certified copy of the Tulsa County Court judgment, and it was alleged that the said order was in full force and effect at the time the motion was filed. According to the certified copy, dated January 16, 1942, Peter Micco resided at a named address in the City of Tulsa, Oklahoma, and the order authorized and directed the guardian of Micco to "establish a suitable place of abode within Tulsa County, Oklahoma, where the said Peter Micco shall reside in lieu of his family residence". The guardian was authorized by statute to fix the residence of his ward at any place within the State, 30 O.S.A. § 15, and it will, of course, be presumed that the guardian acted in obedience to the court order. Residence having been established by the guardian, the incompetent ward could not effectively change it without the knowledge or consent of his guardian. Laughlin v. Williams, 76 Okl. 246, 185 P. 104; Coppedge v. Clinton, 10 Cir., 72 F.2d 531. Moreover, residence having been once established in Tulsa County, it is presumed to have continued there until the contrary is shown. Anthis v. Drew, 123 Okl. 18, 252 P. 11; In re Gray's Estate, 119 Okl. 219, 250 P. 422. But residence in Tulsa County in January 1942, is only presumptive evidence of residence there on the date of his death approximately five months later. Admittedly, he died in Okfuskee County; the residence was certainly subject to change, and there is nothing in this record tending to show that the residence was not changed in the interim, except the bare allegation contained in the motion to dismiss.

■ The presumption of decedent's continued residence in Tulsa County, after its establishment there, is certainly insufficient to overcome the presumption which must be accorded the adjudication and judgment of the Okfuskee County Court. We conclude that the Okfuskee County Court judgment is not void upon its face, and is therefore not subject to collateral attack.

■ The conclusiveness of the order of the Okfuskee County Court is challenged upon the further ground that notice of the hearing was not given in accordance with the statutory requirements, consequently the court did not acquire jurisdiction to appoint administrators. The applicable statute, 58 O.S.A. § 128, provides that when a petition for letters of administration is filed, the judge of the county court must set a date for hearing the same, and cause notice thereof to be given in the manner provided therein. The statute further provides "that if the petition asks for the appointment of some person entitled under the law to appointment, and there shall accompany such petition a waiver of all persons having a prior right to appointment then no notice shall be given, and the court shall proceed without delay to hear such petition." Based upon allegations in the amended petition, the court concluded that notice

608

was unnecessary and accordingly proceeded to appoint the guardians of next of kin having prior right coadministrators of the Estate. 58 O.S.A. § 122. Its factual recitals may have been incorrect and its conclusions based thereon erroneous, yet the matter of notice is a quasi judicial fact, and as such is not subject to collateral attack. In re Green's Estate, supra; King v. Salyer, 172 Okl. 130, 44 P.2d 11; Vol. 1, Bancroft's Probate Practice 270. Whether the order of the Okfuskee County Court is vulnerable to direct attack, cf. Caulk v. Lowe, 74 Okl. 191, 178 P. 101, is not before us and is not decided.

It follows that the judgment of the Okfuskee County Court is not void upon its face, and it is exclusive of Federal jurisdiction. In this posture, it becomes unnecessary to decide whether Section 3 of the Act of April 12, 1926, confers jurisdiction upon the Federal court to administer the Estate of a restricted member of the Five Civilized Tribes upon removal of administrative proceedings from the county court having properly acquired jurisdiction, and we do not decide that question.

The judgment is reversed.